[Civ. No. 8806. First Appellate District, Division Two.—September 18, 1933.]

MIEKO J. TORIYAMA et al., Appellants, v. GEORGE A. PUTNAM et al., Respondents.

Russell W. Cantrell and Guy C. Calden for Appellants.

James F. Hoey for Respondents.

SPENCE, J.—Plaintiffs sued to recover damages resulting from the death of Heizo Toriyama, deceased. The jury returned a verdict in favor of defendants and from the judgment entered thereon, plaintiffs appeal.

At about 5 P. M. on the evening of November 18, 1931, the deceased, in company with another Japanese, was driving his automobile in a northerly direction on the road to Martinez just north of the town of Walnut Creek. Defendant George A. Putnam, hereinafter referred to either as defendant or respondent, was driving the automobile of defendant G. Blalock Putnam in the same direction and had followed the deceased through the town. Both cars were being operated at a moderate speed of between 25 and 30

miles per hour. At the point where the accident occurred the road had an asphalt surface about 22 feet in width with ragged edges or "chuck holes". On either side of the asphalt there was a shoulder of hard dirt and gravel, the shoulder on the easterly side of the road being quite wide. An engineer called by plaintiffs, testifying with respect to this shoulder, said, "It can be a roadway." There was a line of poles near the edge of this shoulder. The accident occurred when the car of the deceased ran off the asphalt and struck one of the poles on the easterly shoulder of the highway. Plaintiff appears to have proceeded to trial upon the theory that defendant, in attempting to pass the car of the deceased, had cut in too quickly and had come in contact with the car of the deceased forcing it off the asphalt road. The Japanese passenger in the car of the deceased testified that he felt "contact with the wheel" but the uncontradicted testimony showed that there was no indication on either car of any contact between them. This witness had previously written to the widow of the deceased saying that he did not know anything about the details of the accident and it appeared on his cross-examination that he had an action pending seeking to recover damages arising out of the same accident. No other witness testified to any contact between the cars. The defendant testified that there was no such contact and that he was six feet away from the car of the deceased as he passed it. He further testified that there were some bamboo plants on the left running-board of the car of the deceased, which plants were in sacks; that the sacks had become loose and that the plants, which were eight or nine feet tall, were projecting over the running-board and were dragging on the ground; that as he drove up beside the car of the deceased he sounded his horn and called the attention of the deceased to the dragging plants by pointing to them; that the deceased looked down at the plants; that defendant then increased his speed but did not pull over to the right side of the road until he was 75 feet beyond the pole which was struck by the deceased; that he saw nothing of what occurred after passing the deceased's car until he heard the crash and stopped. There was evidence relating to another car approaching from the opposite direction but the evidence as to the speed and the position of this car was highly conflicting. The evi-

dence offered by the defense showed that this car was approaching at a great distance and that it did not pass defendant's car until after the accident had happened and after defendant's car had stopped.

■ Appellants contend "that the verdict is not supported by, but it is directly contrary to, the evidence introduced in this case". They argue that the evidence conclusively establishes that respondent was "guilty of gross, if not criminal, negligence". An examination of the record shows that there is no merit in appellants' contention, for while the evidence is conflicting in many particulars, the question of whether respondent was negligent was essentially a question of fact for the jury and there was ample evidence to sustain an implied finding that the respondent was not negligent. The accident was an unusual one but the jury could have concluded that the deceased may have lost control of his car by reason of looking down at the plants or by striking one of the "chuck holes", or that he intentionally pulled off the asphalt road to adjust the plants and did not notice the pole until too close to avoid striking it. In any event, if the jury believed the testimony of respondent, such testimony was sufficient to sustain the verdict. Apparently conceding that the evidence was conflicting, appellants take the position that this court should disregard the evidence of respondent because of its inherent improbability. It is a sufficient answer to state. that we have examined the record and find no such inherent improbability in the testimony of respondent as would justify this court in disregarding it.

Appellants further contend that the trial court erred in denying their motion for a new trial. Appellants' brief contains two subheadings relating to this contention. ■ The first is, "Prejudicial conduct of the trial judge", and the second is, "Newly discovered evidence." We are at a loss to understand appellants' charge of prejudicial conduct as it was merely based on the fact that the trial judge asked several questions of one of appellants' witnesses with respect to the position of the bamboo plants on the automobile of the deceased. It is claimed that the trial judge thereby unduly developed a wholly immaterial point. The condition of the car of the deceased and its load was not an immaterial point and testimony relating thereto was

offered by both sides without objection. The trial judge merely endeavored to clear up some uncertainty on this subject in the testimony of one of appellants' witnesses and proceeded further when the witness said, "but that was the position it was tied on originally, I imagine". We have read the portions of the record referred to by appellants and find nothing whatever in the nature of misconduct.

The alleged newly discovered evidence was contained in certain affidavits offered in support of the motion for a new trial. Appellants had produced three eye-witnesses to the accident at the trial of the cause. It appeared from the affidavits that there were other eye-witnesses who had not been called. We find no error in the trial court's action in denying the motion for new trial on the ground of newly discovered evidence. Assuming without deciding that the affidavits offered in support of the motion were sufficient to show that said evidence was "newly discovered evidence" which appellants could not with "reasonable diligence" have discovered and produced at the trial (Code Civ. Proc., sec. 657, subd. 4; 20 Cal. Jur., pp. 78 and 84), it nevertheless appears that said evidence was merely cumulative and the trial court no doubt determined that the result of the trial would have been the same even though said evidence had been produced. The determination of this question rests largely, if not wholly, in the sound discretion of the trial court. (20 Cal. Jur. 94, sec. 62.) We find no abuse of discretion in the present case.

The judgment is affirmed.

Nourse, P. J., and Dooling J., *pro tem.*, concurred.

A petition by appellants to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on November 16, 1933.